NO. 07-10-00232-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 29, 2010

BARSHA FANNER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATE AND REMAND**

Appellant, Barsha Fanner, filed a notice of appeal from his conviction for aggravated assault, and sentence of forty-five years incarceration in the Institutional Division of the Texas Department of Criminal Justice. The appellate court clerk received and filed the trial court clerk's record on June 22, 2010, and the trial court reporter's record was received and filed on June 24, 2010. Thus, appellant's brief was due on or before July 26. Appellant did not file his brief or request an extension of time to file his brief by this deadline. Consequently, on August 4, this Court sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8, failure to file his brief

by August 16, may result in the appeal being abated and remanded without further notice. On August 16, appellant filed a motion for extension of time to file appellant's brief requesting an extension until August 23. This motion was granted by this Court on August 16. On August 23, appellant again filed a motion for extension of time to file appellant's brief. This Court denied this second motion because it failed to show good cause for the extension, and appellant was notified that his brief was due on or before September 15, and that failure to comply with this deadline may result in the appeal being abated and remanded without further notice. As of the date of this order, appellant has failed to file his brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

2

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than October 29, 2010.

Per Curiam

Do not publish.